UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CHRISTIAN ANTONY,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 1:12-CV-1040
(Criminal Case No. 1:01-CR-236-1)

HON. GORDON J. QUIST

**OPINION**

Movant, David Antony, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government has filed a response, and Antony has filed a reply. After reviewing the motion, briefs, and pertinent portions of the record, the Court concludes that Antony is not entitled to relief, and his motion will be denied.

## I. PROCEDURAL HISTORY

On or about October 2, 2002, Antony pled guilty to a Superseding Information charging him with manufacture of an unspecified amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count 1), and being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (Count 2). He also admitted to having a prior felony drug conviction, which increased the maximum penalty on Count 1 to 10 years of incarceration. The maximum penalty on Count 2 was also 10 years. In February 2003, the Court accepted Antony's guilty plea and sentenced him to 120 months on Count 1 and 24 months on Count 2, for a total of 144 months, to be served consecutively. The Court also sentenced him to a supervised release term of four years on Count 1 and three years on Count 2, to run concurrently. This sentence reflected a downward departure pursuant to U.S.S.G.

§ 5K1.1 for substantial assistance in the prosecution of others. In 2003, the Court also granted a Rule 35(b) motion, reducing Antony's sentence from 120 months to 84 months on Count 1, to run consecutively with 24 months on Count 2, for a total of 108 months. The Court did not alter the length of supervised release.

On June 19, 2012, Antony pled guilty to violations of his conditions of supervised release related to possession and use of marijuana and methamphetemine, and failure to appear for drug testing. The Court revoked Antony's supervised release and imposed a sentence of 24 months on Count 1 and three months on Count 2, to be served consecutively, for a total of 27 months. The Court also sentenced Antony to an additional 18 months of supervised release. Judgment was entered on June 20, 2012, and Antony did not appeal. On September 26, 2012, Antony filed this motion to vacate, set aside, or correct his supervised release violation sentence.

## II. DISCUSSION

To obtain relief under 28 U.S.C. § 2255, a movant must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 1721–22 (1993)). "To prevail on a § 2255 motion alleging a non-constitutional error, the petitioner must establish a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks and citations omitted).

In this case, Antony argues that (1) his sentence is in excess of the maximum sentence authorized by law, (2) the Court failed to consider the factors listed in 18 U.S.C. § 3553(a) in imposing his sentence, and (3) he received ineffective assistance of counsel.

**A. Excessive Sentence**

Antony first argues that because he was convicted of a Class C felony, the maximum sentence the Court could impose was 24 months. Specifically, he argues that 18 U.S.C. § 3583(e)(3) "applies in the aggregate on sentences imposed on multiple revocations of defendant's supervised release from an original conviction rather than to each revocation." (Docket no. 1, Page ID 1.) Antony's argument lacks merit.

Section 3583(e)(3) allows a court to revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release without credit for time previously served on post-release supervision if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked may not be required to serve more than two years in prison for a class C felony. *See* 18 U.S.C. § 3583(e)(3). A court may impose a sentence for each count, and the sentences may run consecutively. *See id*; 18 U.S.C. § 3584(a); *United States v. Cordova*, 461 F.3d 1184, 1189 (10th Cir. 2006).

In this case, the Court sentenced Antony to the maximum sentence for a Class C violation—two years—on Count 1 and three months on Count 2, to run consecutively. The Court was authorized to sentence him to up to 24 months for each count. Therefore, the Court did not exceed its authority in imposing Antony's sentence.

**B. Additional Supervised Release**

Antony also argues that the Court committed "clear error" by sentencing him to an additional 18-month term of supervised release. Antony's argument fails as a matter of law.

Section 3583(h) provides:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h).

In this case, the minimum length of supervised release required by statute for Count 1 is "at least 4 years," 21 U.S.C. 841(b)(1)(D), and Count 2 is three years, 18 U.S.C. §§ 3559(a)(3), 3583(b)(2). Therefore, in accordance with § 3583(h), the Court was authorized to impose an additional term of supervised release of up to life less 24 months for Count 1 and 36 months less 3 months (or 33 months) for Count 2. Thus, the Court's sentence of 18 additional months of supervised release did not violate § 3583(h).

**C. Sentencing Factors**

Antony also argues that the Court "fail[ed] to demonstrate on the record it's [sic] consideration of the factors listed in 18 U.S.C. § 3583(a)." (Docket no. 1, Page ID 2.)

"[I]n determining whether to include a term for supervised release, and, if a term of supervised release is to be included, in determining the length of the term and the conditions of supervised release, [a court] shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(c). The § 3553 factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>
> ***
>
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> ***
>
> (4) the kinds of sentence and the sentencing range . . .
>
> ***
>
> (5) any pertinent policy statement
>
> ***
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553. "[A] reasonable sentence based on consideration of the [§ 3553] factors does not require a rote listing." *United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006). "[T]his Court does not require 'the ritual incantation of these factors to affirm a sentence.'" *Id.* (quoting *United States v. Williams*, 436 F.3d 706, 708–09 (6th Cir. 2006)). "We have held that 'we may conclude that a sentence is unreasonable when the district judge fails to "consider" the applicable guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such consideration.'" *Id.* (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).

At Antony's supervised release revocation hearing and sentencing, the Court identified the following factors that it considered in imposing a sentence of 27 months of incarceration and 18 additional months of supervised release: policy statements issued by the Sentencing Commission, the applicable guideline range, the nature and circumstances of the offenses and violations, and the need for the sentence imposed. The Court explicitly noted Antony's prior success on supervised release and sentenced Antony to the amount of time the Court deemed necessary for Antony to "get ahold" of his marijuana addiction—a sentence that included a recommendation for participation in a drug treatment program and required drug testing during supervised release. Thus, the Court adequately considered the relevant sentencing factors in arriving at its sentence.

**D. Ineffective Assistance of Counsel**

Finally, Antony argues that he received ineffective assistance of counsel because (1) his counsel failed to object to a sentence in excess of 24 months, and (2) his counsel failed to appeal the sentence.

The Supreme Court in *Strickland v. Washington* articulated the standard for evaluating ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *see also Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). In order to show prejudice from a failure to object, a defendant must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Stone v. United States*, 258 F. App'x 784, 787 (2007) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

The two-part *Strickland* test also applies to claims of ineffective assistance of counsel for failure to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 1034 (2000). "[C]ourts must 'judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct,' and '[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Id*. (quoting *Strickland*, 466 U.S. at 689, 690, 104 S. Ct. at 2065, 2066). The *Roe* Court rejected a per se rule that an attorney must always file an appeal unless specifically told otherwise. Rather, the Court divided failures to file notices of appeal into

three categories: when the defendant (1) specifically requests that his counsel file an appeal, (2) explicitly instructs his counsel not to file an appeal, and (3) does not clearly convey his preference. When a defendant specifically requests an appeal, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," and the defendant "is entitled to [a new] appeal without showing that his appeal would likely have had merit." 528 U.S. at 477, 120 S. Ct. at 1035 (internal citation and quotation marks omitted). When a defendant expressly instructs his counsel not to file an appeal, the defendant has no claim of ineffective assistance of counsel. *Id.* When a defendant does not clearly convey his preference, the Supreme Court looks to whether counsel "consulted" with the defendant about the benefits and drawbacks of bringing an appeal. *Id.* at 478, 120 S. Ct. at 1035. Consultation occurs when the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* If consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478, 120 S. Ct. at 1036. If, on the other hand, counsel failed to consult with his client, then the court must address whether the failure to consult, by itself, is indicative of deficient performance. *See id.* Even if counsel's failure to consult was deficient, the defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484, 120 S. Ct. at 1038.

Regarding Antony's first argument, Antony has not shown that his attorney's failure to object to his 27-month sentence was an error "so serious" that his counsel was not functioning as the "'counsel' guaranteed [Antony] by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Moreover, even if Antony were to establish that his counsel's performance were

deficient, Antony has not shown that he was prejudiced—in other words, he has not demonstrated a reasonable probability that the result of the proceeding would have been different. *See Stone*, 258 F. App'x at 787. As the above analysis illustrates, the Court did not err in sentencing Antony to 27 months, instead of 24 months, of incarceration, so his counsel's objection would not have changed the outcome of the proceeding.

Antony also argues that his attorney failed to appeal despite that Antony "specifically instructed" counsel to appeal. However, Antony has failed to present any evidence in support of his allegation. Absent a sworn statement of facts, Antony has made a bald allegation of ineffective assistance of counsel. The burden is on Antony to establish that he gave his attorney express instructions to appeal and his attorney failed to do so. *See Watson*, 165 F.3d at 488 (citing *Brecht,* 507 U.S. at 637–38, 113 S. Ct. 1721–22). However, even if this Court were to consider Antony's claim, Antony's claim lacks merit. The Government has introduced evidence from Antony's counsel, including an affidavit from Antony's counsel, that Antony did not request an appeal. There is no evidence that Antony requested that his counsel file an appeal, and evidence supports that Antony's counsel consulted with Antony regarding Antony's right to appeal and the procedure for filing a notice of appeal. Therefore, Antony's argument lacks merit.

## III. NO CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Antony has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered

under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has considered Antony's claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Antony's claims regarding an excessive sentence, failure to apply the § 3553(a) factors, or ineffective assistance of counsel was debatable or wrong. Therefore, the Court will deny Antony a certificate of appealability.

## IV. CONCLUSION

For these reasons, Antony's § 2255 Motion (docket no. 1) will be dismissed. In addition, the Court will deny Antony a certificate of appealability because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.

Dated: July 8, 2013

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE